**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MEHMET MANAV,**

      **Petitioner,**

**vs.**                            **Case No. 4:13cv80-RH/CAS**

**ERIC H. HOLDER, JR., et al.,**

      **Respondents.**

_____/


## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se* and with *in forma pauperis* status, initiated this

case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on

February 22, 2013.  Doc. 1.  Petitioner alleged having entered immigration custody on

August 23, 2010, and has been housed at the Wakulla County Jail in Crawfordville,

Florida.  Doc. 1 at 3.  The order of removal was entered on April 4, 2012, and Petitioner

appealed the order on June 22, 2012.  Doc. 1.  Petitioner alleged that the Board of

Immigration Appeals denied his appeal on September 12, 2012.  *Id.*, at 5.  Thus,

because it appeared that Petitioner was in detention for six months after the order of

removal became final and had been awaiting removal to his native country of Turkey,

and because Petitioner claimed he was "cooperated fully with all efforts by ICE to

remove Petitioner from the United States," *Id.* at 5, service of the petition was directed.

Respondents filed an answer to the petition on May 14, 2013. Doc. 12. Petitioner filed his response on June 21, 2013. Doc. 13. The petition is ready for a ruling.

**Respondents' Answer, doc. 12**

Respondents acknowledge that Petitioner is not challenging the validity of the removal order, only his indefinite detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). Doc. 12 at 1. Respondents contend the petition should be dismissed because the claims are premature and Petitioner's detention is lawful. *Id.*

Petitioner is a native and citizen of Turkey who entered the United States in 1991 as a "non[-]immigrant visitor for pleasure." *Id.* at 2. On August 20, 1993, Petitioner adjusted his status to that of a lawful permanent resident. *Id.* In 2002, Petitioner was convicted of possession of cannabis and drug paraphernalia in the State of Florida. *Id.* In 2004, Petitioner was convicted in the State of Pennsylvania of aggravated assault, simple assault, recklessly endangering another person, prohibited weapons, and terroristic threats, and disorderly conduct. *Id.* In 2010, Petitioner was convicted in Florida for the purchase of cannabis. *Id.* Based on that criminal history, Petitioner was served with a Notice to Appear on August 23, 2010, "on which date Petitioner initially came into Immigration and Customs Enforcement ('ICE') custody." *Id.* at 3.

Due to issues with an outstanding arrest warrant in Pennsylvania, Petitioner was not ordered removed until April 4, 2012. *Id.* Petitioner timely appealed the removal order to the Board of Immigration Appeals on April 19, 2012, and on June 22nd, the BIA remanded the case back to the immigration judge. *Id.* On September 12, 2012, Petitioner was once again ordered removed and on September 17, 2012, Petitioner

again filed an appeal to the BIA. *Id.* at 3. On December 31, 2012, the BIA dismissed the appeal and the order of removal became administratively final on that date. *Id.* at 3-4. Accordingly, because this case was initiated on February 22, 2013, just two months after the order of removal because final, Respondents contend[1] this case must be dismissed as premature. *Id.* at 6.

**Petitioner's Response, doc. 13**

In response, Petitioner contends that he has been a victim of crime and was jailed, in part, because of a set up and then while held in the Orange County Jail, prosecutors and the judge forgot about him for 14 months. *Id.* at 2. Petitioner asserts that he has been held for over 1,000 days during the pre-removal proceedings and argues he has received "inhumane treatment." *Id.* at 2. While Petitioner acknowledges that he was ordered removal on September 12, 2012, he fails to recognize the effect of his appeal. *Id.* Petitioner contends that "[e]ven though he appealed the Immigration judge's decision, still he had a 'Order of Removal' by the Immigration Judge and therefore his Habeas Corpus Petition for a relief from an indefinite detention is not premature." *Id.* Petitioner does not dispute the December 31, 2012 dismissal of his appeal.

**Analysis**

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491.

---

[1] Respondents also argue that Petitioner has not cooperated with removal and point out that Petitioner could have been removed in February 2013, but Petitioner refused to board the flight to Turkey. Doc. 12 at 4, 8. That argument need not be addressed.

Additionally, the Zadvydas Court "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005). The six months period of time is calculated from the time a removal order becomes "final." Clark, 125 S.Ct. at 728; *see also* Benitez v. Wallis, 402 F.3d 1133, 1135 11th Cir. 2005). Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

> (1) The date the order of removal becomes administratively final.

> (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). As the Eleventh Circuit concluded in Akinwale v. Ashcroft that the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). In Akinwale, the petitioner filed the § 2241 petition after having been in detention for only four months. *Id.*, at 1051. It is not enough that the period of time expired by the time the petition is ruled on by the court. The Zadvydas period must have expired *before* the petition is filed. 287 F.3d at 1051-52. This case is controlled by Akinwale. Petitioner filed this case on February 22, 2013, which is only one month, three weeks and a day beyond the final order of removal. Thus, as a matter of law, the petition must be dismissed as it was prematurely filed.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition filed by **MEHMET MANAV,** doc. 1, be **DISMISSED** because it was prematurely filed and Petitioner failed to demonstrate that he was entitled to relief pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**IN CHAMBERS** at Tallahassee, Florida, on July 22, 2013.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**